## Commonwealth v. Rudder

*Theodore A. Parker,* Assistant District Attorney, for Commonwealth.

*S. R. Zimmerman, 3rd,* for defendant.

BROWN, J., March 18, 1966.—In this case, defendant Paul Sidney Rudder has been indicted by the Grand Jury of Lancaster County with the offense of unlawfully operating a motor vehicle, being a Plymouth convertible bearing New Jersey registration FHS-564, upon the highways of this Commonwealth, in the County of Lancaster, after his operating privilege was suspended and/or revoked by the State of Connecticut, or after privilege to apply for operator's license or learner's permit was suspended, and before such operating privilege had been reinstated.

Defendant, through his counsel, has filed a motion to quash the indictment, averring that defendant is charged as above stated and that it is conceded that defendant did operate a motor vehicle upon the highways of this Commonwealth on October 10, 1965, while his operating privileges were at that time under suspension in the State of Connecticut. Defendant further contends in his motion to quash that he has never applied for, nor been denied, the privilege of operating a motor vehicle in the Commonwealth of Pennsylvania; nor had any suspension at that time been invoked against him by the Commonwealth of Pennsylvania. For the foregoing reasons, defendant demurred to the indictment and moved this court to quash the same.

The factual situation in this case is not in dispute. For the purpose of this opinion, it is conceded that de-

fendant did operate on the highways of Lancaster County, Pa., while his license was suspended by the State of Connecticut.

In support of defendant's position, it is contended that defendant, having the privilege to drive in Pennsylvania under the Acts of Assembly hereinafter cited, cannot be arrested or indicted for driving while his license is in suspension or has been revoked by the State of Connecticut until there is affirmative action by the Secretary of Revenue of the Commonwealth of Pennsylvania looking to the suspension or revocation of his operator's privilege.

The Vehicle Code passed by the Legislature of the Commonwealth of Pennsylvania, April 29, 1959, P. L. 58, 75 PS §603, provides as follows: "(a) A nonresident who has been duly licensed as an operator under a law requiring the licensing of operators in his home state or country, and who has in his immediate possession a valid operator's license issued to him in his home state or country, shall be permitted, without examination or operator's license under this act, to operate a motor vehicle or tractor upon the highways of this Commonwealth, for the same time and to the same extent as like exemptions are granted residents of this Commonwealth under the laws of his state or country".

From this section, it clearly appears that said nonresident, at the time of his driving a motor vehicle upon the highways of this Commonwealth, must have in his immediate possession a valid operator's license issued to him in his home State or country. Obviously, defendant did not have such a license at the time of his arrest, as conceded in the motion to quash the indictment, and, therefore, was not privileged to operate a motor vehicle on the highways of this Commonwealth at the time of his arrest on or about October 10, 1965. It would, therefore, appear that defendant is in violation of subsection (6) of section 624 of The Vehicle Code, which pro-

vides as follows: "It shall be unlawful for any person to commit any of the following acts: ... (6) To operate any motor vehicle or tractor upon the highways of this Commonwealth after the operating privilege is suspended or revoked or after the privilege to apply for an operator's license or learner's permit is suspended and before such operating privilege or right to apply for an operator's license or learner's permit has been reinstated".

In support of this position, a case exactly in point with the instant proceeding is the case of Commonwealth v. Maconi, 59 D. & C. 484, where a New Jersey resident was indicted in the County of Montgomery, Pa., for operating a motor vehicle after his operating privileges had been suspended in his home state of New Jersey. The court en banc, through Judge van Roden, P. J., specially sitting, stated as follows: "The sole question here involved is whether it is an indictable offense for a resident of New Jersey to operate an automobile in this Commonwealth after his New Jersey operator's license privilege has been revoked and prior to the restoration thereof, or whether such conduct constitutes merely the summary offense of operating a motor vehicle without a license. It is obvious that we are not here concerned with any violation of the laws of the licensing State. It is the operation of the motor vehicle by defendant upon the highways of this Commonwealth which confers jurisdiction upon the court. Driving an automobile in this Commonwealth without a license is prohibited. Violators of this prohibition fall into two classes: Those who have never been licensed, and those whose licenses have been lost". The court then goes on to say, "It must be held, therefore, that the legislature clearly intended it to be an indictable offense for a nonresident whose operating license privileges have been revoked by the State of his residence to operate a motor vehicle upon the highways

of this Commonwealth prior to the restoration of such operating license privilege".

Counsel for defendant in his brief makes a strong contention that the nonresident defendant, Paul Sidney Rudder, being privileged to drive in Pennsylvania, cannot be prosecuted for so doing unless the steps outlined in section 618 of The Vehicle Code, 75 PS §618, are followed, and that, because the Secretary of Revenue has not initiated steps to revoke Paul Sidney Rudder's privileges as a driver, he is free to drive in Pennsylvania until such action is taken. With this argument, the court cannot agree because, as hereinabove stated, the privilege given to a nonresident to drive in Pennsylvania is only applicable when he has in his immediate possession a valid operator's license issued to him in his home State which, obviously, defendant, Paul Sidney Rudder, did not have, which fact he admits in his motion to quash. Therefore, he had no privilege to drive in Pennsylvania to begin with, and it seems clear to the court that no steps were needed to suspend or revoke his operating privileges in the State of Pennsylvania before he could be charged with the violation of subsection (6) of section 624 of The Vehicle Code.

It is argued by counsel for defendant that the Pennsylvania Legislature should go a step further than it has by providing that it shall be unlawful for any nonresident of Pennsylvania to operate a motor vehicle in Pennsylvania after his license has been suspended or revoked by his home State. Perhaps this might be advisable, but it would appear from section 603 of The Vehicle Code, 75 PS §603, that this point is covered by the failure of defendant to have in his immediate possession a valid operator's license issued to him in his home State at the time of his driving in Lancaster County.

While a violation of section 603 is only a summary

offense punishable by a fine of $10 and a violation of subsection (6) of section 624 of The Vehicle Code, under which defendant is indicted, is a misdemeanor, this makes no difference in the court's opinion, so far as the guilt of defendant is concerned, if the facts alleged in the indictment can be proved. The clear intent of the legislature concerning nonresident drivers is expressed in section 603 and when a nonresident drives after his home license is revoked or suspended, he plainly violates subsection (6) of section 624 of The Vehicle Code.

As pointed out by Joseph B. Wissler, P. J., of this court, in Commonwealth v. Sheaffer, 55 Lanc. 107, ". . . It should be noted that the amended Act was passed at the same session of the Legislature at which Section 620(h), as above quoted, was passed". So, too, were section 603 and section 624 of The Vehicle Code passed by the same legislature in 1959. Definitely, the Pennsylvania Legislature, in passing The Vehicle Code of 1959, had in mind the privileges a nonresident driver possessed and to what liability he exposed himself when he drove during suspension or revocation of his home State license. It is not reasonable to infer that the legislature intended that nonresidents who have lost their driving privilege should be preferred over residents whose operating license privilege had been revoked or suspended. Certainly it was never the intention of the Pennsylvania Legislature to place a nonresident driver, whose license had been suspended or revoked in his home State, in a more favorable position than a Pennsylvaina resident who certainly could not drive a motor vehicle on the highways of Pennsylvania after his Pennsylvania license had been suspended or revoked.

For the foregoing reasons, the demurrer to the indictment should be overruled and the motion to quash the same should be denied.

And now, March 18, 1966, defendant's demurrer to the indictment is overruled, and the motion to quash the same is denied.